UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| CATHERINE NELSON | Case No. 1:10-cv-01753-JKB |
| Plaintiff, | |
| v. | |
| ZWICKER & ASSOCIATES, P.C. | |
| Defendant. | |

### DEFENDANT'S STATUS REPORT PURSUANT TO THIS COURT'S SEPTEMBER 7, 2010 SCHEDULING ORDER

Defendant Zwicker & Associates, P.C. ("Zwicker") respectfully submits the following status report pursuant to the Court's September 7, 2010 Scheduling Order. Zwicker asserts that the "First Discovery Status Report" ("Plaintiff's Report") filed by Nelson's counsel, Forrest Mays ("Mays"), of Lemberg & Associates, L.L.C. ("the Lemberg firm") misrepresents the status of discovery in the case.

**Status of discovery**

Mays states in Plaintiff's Report Plaintiff served its discovery demand in October and as to Zwicker's actions regarding discovery, only that "The Defendant has not served its discovery demand on the Plaintiff. The Defendant will file their own status report. The Defendant wants to depose Plaintiff."

The actual efforts taken by Zwicker to obtain discovery from Nelson, and the related communications between Mays and Thuotte, are summarized below. The summary reflects the

content of contemporaneous communications between counsel, most of which were in writing and can be filed if the Court desires.

On or about October 13, 2010, Mays served Zwicker with requests for production and interrogatories. In late October, Zwicker's lead counsel, Robert Thuotte, contacted Mays to inform his as a courtesy that Thuotte intended to depose Nelson and to ask May's to propose alternative convenient dates, which Mays said he would do but did not do. Zwicker then duly noticed Nelson's deposition for November 5. In discussions between counsel, Thuotte told Mays that Zwicker has call recording evidence which will establish that Nelson's allegations are false, and that at Nelson's deposition Zwicker would establish that the allegations are false.

Given that Zwicker properly noticed Nelson's deposition to occur before the deadline for Zwicker to serve its discovery responses, Zwicker plainly was entitled to depose her before producing its discovery. Despite this, Mays frivolously asserted that Zwicker was required to serve its written responses before Zwicker deposed Nelson. Thuotte requested that Mays serve a motion for a protective order before the deposition date if Mays was going to continue to refuse to produce his client for deposition on that date. Mays said he would file the motion, but he did not do so. Just before the deposition, Mays agreed

Just before the date for which Zwicker had noticed Nelson's deposition, Mays relented and agreed that Zwicker could depose Nelson before Zwicker served its discovery responses, Mays stating in an email to Thuotte, "We can wait for your discovery responses as we don't coach our clients." On November 4, 2010 Mays proposed to Thuotte that Nelson's deposition be taken on November 16 or December 2—at 4:30 p.m. Thuotte responded that depositions are conducted during the business day and requested that Mays provide him with alternative dates on

which Nelson would be available to commence the deposition at an appropriate time. Mays did not thereafter communicate with Thuotte regarding the case until January 24, 2011.

Zwicker notes that a closely similar series of events has occurred in *Veda Joy v. Zwicker & Associates, P.C.*, Case No. 8:10-cv-01754-DKC, which Mays also has filed and is pending in this District. In that case also Thuotte informed Mays that Zwicker has call recording evidence establishing that the plaintiff's allegations are false.

**Pending motions**

None to Zwicker's knowledge

**Dispositive pretrial motions**

If the case proceeds Zwicker intends to file a summary judgment motion.

**Anticipated length of trial by jury/judge**

Nelson has claimed a jury. Zwicker anticipates that trial would last no more than two days, including jury selection, opening statements and closing argument.

**Certification that the parties have met to discuss settlement**

Thuotte has informed Mays that, although Zwicker has settled other claims made by the Lemberg firm, Zwicker declines to settle this case because Zwicker has call recording evidence establishing that Nelson's allegations are false.

**Settlement/ADR**

Zwicker believes that it would be helpful for the Court to refer this case for a settlement or other ADR conference at this time rather than waiting for the filing and disposition of pretrial motions.

**Consent to a Magistrate Judge**

**Other matters**

None to Zwicker's knowledge.

                                      Respectfully submitted.

                                      ZWICKER & ASSOCIATES, P.C.

                                      /s/ Robert W. Thuotte
                                      Robert W. Thuotte
                                      Admitted pro hac vice
                                      80 Minuteman Road
                                      Andover, MA 01810
                                      Tel. 866-367-9942, ext. 3112#
                                      Fax 978-686-6831
                                      rthuotte@zwickerpc.com

January 25, 2011